Trevor CHARLES; Jennifer Charles, Plaintiffs–Appellants,

v.

CONSOLIDATED FABRICATIONS CONSTRUCTION, INCORPORATED; Amerisure Insurance Company, Defendants–Appellees.

No. 16-31120
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed April 20, 2017

Jeffrey Neal Rabb, Dudley DeBosier, P.L.C., Baton Rouge, LA, for Plaintiffs–Appellants

James Anthony Prather, Esq., Mark Edward Seamster, I, Galloway, Johnson, Tompkins, Burr & Smith, Mandeville, LA, for Defendants–Appellees

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM: *

Plaintiffs–Appellants Trevor Charles and Jennifer Charles appeal the district court's grant of summary judgment in favor of Defendants–Appellees Consolidated Fabrications Construction, Inc. ("Consolidated") and Amerisure Insurance Company ("Amerisure"). The Charleses were injured in a hit-and-run accident in October 2013. The driver of the vehicle that hit them, Thomas Atkinson, was an employee of PLS Construction, Inc., a subsidiary of Consolidated. Amerisure is the automobile liability insurer of Consolidated. The district court found there was no genuine issue of material fact as to the Charleses' respondeat superior or implied permission theories of liability. We AFFIRM.

## I. BACKGROUND

On October 29, 2013, Thomas Atkinson was one of four Consolidated employees working on a project near Sorrento, Louisiana. The employees were staying at a motel. That evening, Atkinson and another employee, Chris Turner, were drinking alcohol in their motel room, and at some point Atkinson offered to go purchase more alcohol. Turner states that because there was a convenience store within walking distance, he did not know Atkinson would drive one of the company vehicles. Atkinson did not have a driver's license and was not authorized to drive the vehicle. Nevertheless, Atkinson took one of the vehicles and was subsequently involved in an accident with the Charleses. Although he initially fled the scene, Atkinson was later stopped and arrested for a hit-and-run violation.

The Charleses filed suit against Atkinson, Consolidated, and Amerisure in Louisiana state court on July 16, 2014. Consolidated and Amerisure removed the case to federal district court on the basis of diversity jurisdiction. On May 20, 2015, Consolidated and Amerisure moved for summary judgment. They argued that (1) Consolidated was not liable for Atkinson's negligence because he was acting outside the

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

course and scope of his employment when the accident occurred and (2) Amerisure was not liable because Atkinson was not a permissive user of the vehicle. In response to the motion, the Charleses argued only that there was a factual issue as to whether Atkinson had been given implied permission to use the vehicle.

The district court granted the Defendants' motion.[1] First, the district court held that Atkinson acted outside the scope of his employment when he travelled to purchase alcohol after work hours. Additionally, the court found there was no genuine factual dispute as to whether Atkinson had permission to drive a company vehicle. The Charleses relied on two affidavits—one from Vincent Sotile, Jr., their former attorney, and one from Chris Turner. The Sotile affidavit was based on a phone conversation between Sotile and Atkinson, during which Atkinson told Sotile he had been given permission on prior occasions to use the company vehicle. The district court stated that "even if Sotile's statements are admissible, they do not create a genuine issue of material fact." Additionally, the only relevant portion of the Turner affidavit contained inadmissible hearsay and thus did not create a fact dispute.

The district court entered judgment pursuant to Rule 54(b) on October 4, 2016. The Charleses appealed. On appeal, they concede that Atkinson was not acting within the course and scope of his employment; they argue only that a genuine issue of material fact exists as to whether Atkinson was ever given permission to drive the vehicle.

## II. DISCUSSION

This Court reviews a district court's grant of summary judgment de novo.

*Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016). We will affirm summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view the evidence and all factual inferences taken from that evidence in the light most favorable to the nonmoving party—here, the Charleses. *Smith*, 827 F.3d at 417.

Under Louisiana law, automobile liability policies cover the person named in the insurance policy as well as "any other person" using the vehicle "with the express or implied permission of the named insured." La. Stat. Ann. § 32:900(B)(2). Implied permission "generally arises from a course of conduct by the named insured involving acquiescence in, or lack of objection to, the use of the vehicle." *Francois v. Ybarzabal*, 483 So.2d 602, 605 (La. 1986). Once an individual has been given initial permission, "any subsequent changes in the character or scope of the use do not require additional specific consent of the insured." *Manzella v. Doe*, 664 So.2d 398, 402 (La. 1995). It is the plaintiff's burden to prove the driver received express or implied permission from the insured. *Id.* Determining whether an individual had implied permission to operate a vehicle "will rarely be appropriate in a motion for summary judgment" due to the fact-sensitive nature of the inquiry. *Hartzo v. Am. Nat'l Prop. & Cas. Ins. Co.*, 951 So.2d 1120, 1125 (La. Ct. App. 2006). Nonetheless, "a court may consider only admissible evidence in ruling on a summary judgment motion." *Mersch v. City of Dallas*, 207 F.3d 732, 735 (5th Cir. 2000); *accord* Fed. R. Civ. P. 56(c)(2).

---

1. Although named and served in the case, Atkinson never appeared. The district court entered the order in question under Rule 54(b) and administratively closed the rest of the case.

Consolidated and Amerisure argue that Atkinson was never given permission to drive any company vehicle because he did not have a driver's license. They point to deposition testimony of several Consolidated employees, including Turner, who testified to the following: Consolidated and its employees knew Atkinson did not have a driver's license; Atkinson was not authorized to drive company vehicles; no one had ever given him permission to drive company vehicles; and Atkinson took the vehicle that night without permission or the knowledge of anyone else.

On appeal, the Charleses rely only on the Sotile affidavit to rebut the Defendants' evidence. "An affidavit ... used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant ... is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). According to Consolidated and Amerisure, the Sotile affidavit meets none of these criteria. The district court did not reach the question of whether the Sotile affidavit was based on inadmissible hearsay, instead finding that even if the statements *were* admissible they did not create a genuine dispute of material fact.

The Charleses argue that Atkinson's out-of-court statements are not hearsay because they are statements of a party opponent. Fed. R. Evid. 801(d)(2). Federal Rule of Evidence 801(d)(2) states that a statement is not hearsay if it "is offered against an opposing party and ... was made by the party in an individual or representative capacity." Atkinson's statements fit the exception, the Charleses contend, because "Atkinson is a named party" and "the statement is being offered against him." Fed. R. Evid. 801(d)(2). This argument fails. The out-of-court statements made by Atkinson are being offered against Consolidated and Amerisure rather than Atkinson; therefore, Rule 801(d)(2) does not apply. Nor could the out-of-court statements have been made in a representative capacity, as Atkinson had been fired from Consolidated long before he made these statements. Thus, the affidavit is based on inadmissible hearsay.

Because we find that the affidavit does not set out facts that would be admissible, we do not need to address whether the affidavit meets the other criteria of Federal Rule of Civil Procedure 56(c)(4). Furthermore, because the Charleses cannot produce any admissible evidence suggesting that Atkinson had permission to drive the company vehicle, there is no genuine issue of material fact. Accordingly, we AFFIRM.